IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DEMOCRACY FORWARD FOUNDATION,   )
1333 H Street NW                )
Washington, DC 20005,           )
                                )
       Plaintiff,               )
                                )
           v.                   )   Civil Action No. _____
                                )
UNITED STATES DEPARTMENT OF     )
   HEALTH AND HUMAN SERVICES,   )
200 Independence Ave. SW        )
Washington, DC 20201,           )
                                )
       Defendant.               )
                                )
```

**COMPLAINT**

1. Plaintiff Democracy Forward Foundation brings this action against Defendant the U.S. Department of Health and Human Services ("HHS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). Defendant has failed to sufficiently respond to Plaintiff's FOIA request for records that relate to the proposed revision of HHS's Grants Regulation, as codified at 45 C.F.R. § 75.300. Plaintiff therefore respectfully requests that the Court compel Defendant to comply with the FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

5. Defendant HHS is a federal agency within the meaning of the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. HHS has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

6. On December 16, 2019, Plaintiff sent a FOIA request to HHS seeking the following records related to HHS's Grants Regulation:

> 1. All communications referencing the HHS Grants Regulation, the proposed revisions to the Regulation, nondiscrimination requirements imposed on HHS grant recipients, and any conscience- or religion-based objections to those nondiscrimination requirements with any individuals representing the Alliance Defending Freedom, the Becket Fund for Religious Liberty, The Heritage Foundation, The Heritage Foundation's Richard and Helen DeVos Center for Religion & Civil Society, Family Research Council, or the U.S. Conference of Catholic Bishops.
> 2. All records referencing the Regulatory Flexibility Analysis (or "RFA") in the HHS Grants Regulation.
> 3. All records referencing requests for waivers from compliance with the HHS Grants Regulation, as codified at 45 C.F.R. § 75.300.
> 4. All records revealing any enforcement actions taken with regard to the HHS Grants Regulation.

Ex. A at 1-2.

7. Plaintiff specified that the date range for this request is January 20, 2017 until the search for responsive documents is complete. *Id.* at 2.

8. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because

it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 3-6.

9. By letter dated December 16, 2019, HHS acknowledged having received Plaintiff's December 16, 2019 FOIA request, and having assigned it number HHS-2020-00338-FOIA-OS. Ex. B. HHS's letter also notified Plaintiff that it would "utilize a 10 working day extension to process [Plaintiff's] request" due to "unusual and exceptional circumstances . . . impact[ing] our response time." *Id.* at 1.

10. As of the date of this Complaint, HHS has failed to inform Plaintiff whether it will comply with the FOIA requests, produce all requested records, or demonstrate that it is lawfully exempt from production. Nor has HHS notified Plaintiff of the scope of any responsive records the agency intends to produce or withhold or the reasons for any withholdings. It has also not informed Plaintiff that it may appeal any adequately specific, adverse determination.

11. Because HHS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of the extension of time that HHS claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

12. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. By failing to respond to Plaintiff's December 16, 2019 request within the statutorily prescribed time limit, Defendant has violated its duties under 5 U.S.C. § 552, including, but not limited to, its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

14. Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

4. order Defendant to grant Plaintiff's request for a fee waiver;

5. grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated: February 26, 2020	Respectfully submitted,

	*/s/ Kristen P. Miller*
	Kristen P. Miller (D.C. Bar No. 229627)
	Democracy Forward Foundation
	P.O. Box 34553
	Washington, DC 20043
	(202) 448-9090
	kmiller@democracyforward.org

	*Attorney for Plaintiff*